UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMIA STUBBS,** on behalf of herself and all others similarly situated**,** | ) <br> ) **Case No.  1:09 CV 1264** <br> ) |
| **Plaintiff,** | ) <br> ) **Judge Dan Aaron Polster** |
| vs. | ) <br> ) |
| **A-1 NURSING CARE OF CLEVELAND, INC.,** *et al.***,** | ) **MEMORANDUM OF OPINION AND** <br> ) **ORDER** <br> ) |
| **Defendants.** | ) |

Before the Court is Defendants A-1 Nursing Care of Cleveland, Inc. and A-1 Health Care, Inc.'s Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (*ECF No. 5*).  For the following reasons, Defendants' motion to dismiss is **GRANTED**.

Plaintiff, Jamia Stubbs, has brought a collective action on behalf of herself and others similarly situated against Defendants for allegedly failing to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 ("Count One"), and Ohio R.C. §4111.03(A) ("Count Two").  *ECF No. 1*.  Defendants have moved to dismiss the complaint, arguing that Plaintiff's complaint fails to state a claim upon which relief can be granted and that the Court lacks subject matter jurisdiction.

Defendants' central argument is that the FLSA exempts from its overtime

provisions "companionship services" for individuals who are unable to care for themselves. Defendants claim that because they provide in-home companionship services, they are exempt from the FLSA. Because Plaintiff has not alleged that Defendants did not provide companionship services, Plaintiff therefore has not stated a valid federal claim. The complaint should thus be dismissed because the only remaining cause of action, Count Two, is brought under state law.

Plaintiff argues that the Court should not consider the companionship exemption because it goes to the merits of Plaintiff's claim, which is inappropriate for a motion to dismiss. Further, Plaintiff argues that even if the companionship exemption is considered, it must be rejected because the exemption does not apply in this case for the following reasons: 1) defendants were a joint employer or single enterprise; 2) the companionship exemption is a factual issue unsuitable for a motion to dismiss; and 3) Defendants have waived and/or are estopped from asserting the companionship exemption. [1]

Under 29 U.S.C. §213(a)(15), "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" is exempt from the FLSA's minimum wage and overtime provisions. *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 127 S.Ct. 2339 (2007). The exemption applies even if the employer providing the companionship services is a third party agency. *Id*. at 2347.

---

[1] Plaintiff also asks the Court to ignore the extrinsic evidence attached to Defendants' motion to dismiss or alternatively, to convert the motion to one for summary judgment and grant Plaintiff leave to conduct discovery before submitting a revised opposition brief. In accordance with Plaintiff's first request, the Court does not consider Defendants' extrinsic evidence in reaching its decision.

Thus, the critical inquiry is whether Plaintiff's complaint sufficiently alleges that Defendants did not provide companionship services. Companionship services are those services which "provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs." 29 CFR §552.6; *Coke*, 127 S.Ct. at 2349. Plaintiff's complaint contains no specific allegations as to the full extent of services provided by Defendants. The most relevant allegations by Plaintiff are that Defendants employed her "as a home health care aide ... since March 2000" and that she was "responsible for the in-home feeding, bathing, and caring, among other things, for Defendants' mostly elderly customers." *ECF No. 1* at ¶¶ 14-15. All of these duties clearly fall within the statutory definition of companionship services; a person who can care for his or her own needs obviously does not need to employ someone to feed and bathe him or her. There is nothing in these allegations from which it can be inferred that Defendants provided anything other than companionship services. Because the complaint does not allege facts which, if true, establish that Defendants' business did not provide companionship services, Count One of Plaintiff's complaint fails to state a claim under federal law and must be dismissed. Moreover, as Count Two is purely a state law claim over which the Court has no jurisdiction if it is standing alone, Count Two is dismissed without prejudice to Plaintiff refiling it in state court.

Plaintiff's arguments that the exemption issue runs to the merits of her claim and that the exemption does not apply in this instance is rejected. As discussed *supra*, to overcome Defendants' exemption argument, Plaintiff must merely point to some allegations in the complaint that specify or infer that Defendants do not qualify for the exception. This does not go to the merits of Plaintiff's claim, but rather, whether the complaint has stated enough to

overcome the bar on relief created by the companionship exemption.  Plaintiff has not made this very basic showing.

Additionally, Plaintiff's three main arguments for why the companionship exemption does not apply must also be rejected.  First, Plaintiff confusingly points to *Chao v. A-One Medical Servs., Inc.*, 346 F.3d 908 (9th Cir. 2003), a 9th Circuit case brought "under almost identical facts," for the proposition that joint employers must aggregate work done by employees of both companies.  *A-One Medical Servs*. does not hold, nor does Plaintiff seem to contend, that joint employers do not qualify for the companionship exemption.  Thus, joint employer status, which Defendants do not even challenge for purposes of this motion to dismiss, is not relevant.

Second, while whether Defendants ultimately provided companionship services is an issue of fact, Plaintiff at the very least must allege facts inferring that Defendants are not entitled to the companionship services exemption.  Plaintiff's opposition brief raises the issue that Defendants may not be entitled to the companionship services exemption because the exemption does not apply to employees performing general household work exceeding twenty percent of the total weekly hours worked.  29 C.F.R. §552.6.  However, Plaintiff's complaint itself, which only states that she was responsible for "in-home feeding, bathing, and caring, among other things," does not allege facts sufficient to infer that greater than twenty percent of her hours were devoted to general household work.

Finally, Defendants have not waived nor are they estopped from raising the companionship exemption because they have not previously raised the issue and have always paid Plaintiff overtime hours in excess of forty.  Plaintiff offers no authority to support her argument, and neither the plain language of the statute nor the implementing regulations state a

notice requirement or that the exemption is waived if overtime has previously been paid.

Thus, for the reasons discussed *supra*, Defendant's Motion to Dismiss Plaintiff's Complaint (*ECF No. 5*) is **GRANTED**.  Count One is hereby **DISMISSED WITH PREJUDICE** and Count Two is hereby **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

**IT IS SO ORDERED.**

    */s/Dan A. Polster     July 8, 2009*
**Dan Aaron Polster
United States District Judge**